IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | COUNT ONE: Both Defendants |
| v. | ) | Conspiracy |
| | ) | 18 U.S.C. § 371 |
| **KIMBERLY ANN MAVIS**, | ) | NMT: 5 Years Imprisonment |
| a/k/a KIMBERLY ALEXANDER, | ) | NMT: $250,000 Fine |
| [DOB:xx/xx/xxxx], | ) | NMT: 3 Years Supervised Release |
| | ) | Class D Felony |
| and | ) | |
| | ) | COUNT TWO: Defendant Mavis |
| **JERRY BAGBY**, | ) | Computer Fraud |
| [DOB: xx/xx/xxxx], | ) | 18 U.S.C. § 1030(a)(4) |
| | ) | NMT: 5 Years Imprisonment |
| Defendants. | ) | NMT: $250,000 Fine |
| | ) | NMT: 3 Years Supervised Release |
| | ) | Class D Felony |
| | ) | |
| | ) | COUNT THREE: Defendant Mavis |
| | ) | Aggravated Identity Theft |
| | ) | 18 U.S.C. § 1028A(1) and 2 |
| | ) | Mandatory Sentence: 2 Years |
| | ) | Imprisonment |
| | ) | No Fine |
| | ) | NMT: 3 Years Supervised Release |
| | ) | Class E Felony |
| | ) | |
| | ) | COUNT FOUR: Defendant Mavis |
| | ) | Access Device Fraud |
| | ) | 18 U.S.C. § 1029(a)(5) |
| | ) | NMT: 15 Years Imprisonment |
| | ) | NMT: $250,000 Fine |
| | ) | Supervised Release: NMT 3 Years |
| | ) | Class C Felony |
| | ) | |

|   |                                      |
|---|--------------------------------------|
| ) | COUNT FIVE:  Both Defendants         |
| ) | Aggravated Identity Theft            |
| ) | 18 U.S.C. § 1028A(1) and 2           |
| ) | Mandatory Sentence: 2 Years          |
| ) | Imprisonment                         |
| ) | No Fine                              |
| ) | NMT: 3 Years Supervised Release      |
| ) | Class E Felony                       |
| ) |                                      |
| ) | COUNT SIX:  Both Defendants          |
| ) | Access Device Fraud                  |
| ) | 18 U.S.C. § 1029(a)(5)               |
| ) | NMT: 15 Years Imprisonment           |
| ) | NMT: $250,000 Fine                   |
| ) | Supervised Release: NMT 3 Years      |
| ) | Class C Felony                       |
| ) |                                      |
| ) | COUNT SEVEN:  Both Defendants        |
| ) | Aggravated Identity Theft            |
| ) | 18 U.S.C. § 1028A(1) and 2           |
| ) | Mandatory Sentence: 2 Years          |
| ) | Imprisonment                         |
| ) | No Fine                              |
| ) | NMT: 3 Years Supervised Release      |
| ) | Class E Felony                       |
| ) |                                      |
| ) | COUNT EIGHT:  Both Defendants        |
| ) | Access Device Fraud                  |
| ) | 18 U.S.C. § 1029(a)(5)               |
| ) | NMT: 15 Years Imprisonment           |
| ) | NMT: $250,000 Fine                   |
| ) | Supervised Release: NMT 3 Years      |
| ) | Class C Felony                       |
| ) |                                      |
| ) | COUNT NINE:  Both Defendants         |
| ) | Aggravated Identity Theft            |
| ) | 18 U.S.C. § 1028A(1) and 2           |
| ) | Mandatory Sentence: 2 Years          |
| ) | Imprisonment                         |
| ) | No Fine                              |
| ) | NMT: 3 Years Supervised Release      |
| ) | Class E Felony                       |
| ) | COUNT TEN:  Both Defendants          |

)    Access Device Fraud
)    18 U.S.C. § 1029(a)(5)
)    NMT: 15 Years Imprisonment
)    NMT: $250,000 Fine
)    Supervised Release: NMT 3 Years
)    Class C Felony
)
)    COUNT ELEVEN:  Both Defendants
)    Aggravated Identity Theft
)    18 U.S.C. § 1028A(1) and 2
)    Mandatory Sentence: 2 Years
)    Imprisonment
)    No Fine
)    NMT: 3 Years Supervised Release
)    Class E Felony
)
)    COUNT TWELVE:  Both Defendants
)    Access Device Fraud
)    18 U.S.C. § 1029(a)(5)
)    NMT: 15 Years Imprisonment
)    NMT: $250,000 Fine
)    Supervised Release: NMT 3 Years
)    Class C Felony
)
)    Maximum Punishment if Convicted
)    on All Counts:
)
)    Defendant Mavis:
)    Not less than 2 years imprisonment
)    Not more than 95 years imprisonment
)    $1,750,000 Fine
)    3 Years Supervised Release
)    Order of Restitution
)    $100 Mandatory Special Assessment
)    (Each Count)
)
)    Defendant Bagby:
)    Not less than 2 years imprisonment
)    Not more than 73 Years Imprisonment
)    $1,250,000 Fine
)    3 Years Supervised Release
)    Order of Restitution

# **I N D I C T M E N T**

THE GRAND JURY CHARGES THAT:

COUNT ONE

1. Between on or about January 10, 2007, and continuing to on or about October 1, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** a/k/a KIMBERLY ALEXANDER and **JERRY BAGBY** (hereinafter "the conspirators"), did knowingly and willfully conspire and agree with each other and with others known and unknown to the Grand Jury, to commit violations of Title 18, United States Code, Sections 1030(a)(4), 1028A, and 1029(a)(5) by using a personal computer and the Internet to access customer databases maintained within protected computers at Premier Bank in Overland Park, Kansas, without authorization and in excess of any authorization previously granted when defendant **KIMBERLY ANN MAVIS** was an employee of said bank, and thereby furthered an intended fraudulent scheme to obtain personal identity information of bank customers who had made mortgage loan applications (hereinafter "identity theft victims"), which information was used by the conspirators to obtain things of value consisting of gift cards and merchandise from retail stores in Missouri and Kansas, using the identity and credit information of the identity theft victims. Specifically, once the identity information was accessed and stolen from Premier Bank, the conspirators used a personal computer to produce counterfeit forms of identification, including counterfeit Missouri driver's licenses, using the names and other identifying information of the identity theft victims but displaying the facial images of the conspirators, so that they could portray the identity theft victims

when making fraudulent and unauthorized purchases using the credit accounts of the identity theft victims and by making unauthorized applications for new credit accounts using the identity information and creditworthiness of the identity theft victims, as a result of which the conspirators received things of an aggregate value equal to or exceeding $1,000 during a one-year period using each of the compromised credit card accounts, and all of such transactions did affect interstate commerce.

2. The object of the conspiracy was to use login and password information to access customer databases within the computer systems of Premier Bank for the purpose of stealing customer identity information and credit bureau information of the identity theft victims. The victims' information was used by the conspirators to make computer-generated counterfeit identifications, such as Missouri driver's licenses, containing the identity information of the victims, but depicting the image of a conspirator on the face of the identification. The conspirators would then use access devices for accounts already opened by the identity theft victims and new accounts opened by the conspirators using the stolen identity information of the identity theft victims to make purchases at retail establishments in the Western District of Missouri and elsewhere, while posing as the identity theft victims, and then return or otherwise dispose of the purchased items in exchange for cash.

MANNER AND MEANS

3. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

    a.    **KIMBERLY MAVIS** agreed to supply the conspiracy with identity information and credit bureau reports for prospective customers of

5

    Premier Bank, which she was able to access using login and password information she had obtained while employed at said bank She continued to access the databases without authorization after she had been terminated from her employment at the bank. She also stole hard copies of "lead sheets" which also contained identity information and credit scores, which she supplied to the conspiracy.

 b. The conspirators worked together to use a personal computer to generate counterfeit forms of identification, including counterfeit Missouri driver's licenses, and they placed onto the identifications the stolen identity information from Premier Bank, along with a digital image of one of the conspirators who would pose as the identity theft victim.

 c. The conspirators would ascertain whether the identity theft victims already had open credit accounts at retail stores in the Kansas City metro area, such as Lowe's, Sears, Best Buy, Kohl's, Dillards, and others. If the identity theft victim did have such open accounts, the conspirators would present the counterfeit identification at the store and request a temporary access device in order to purchase merchandise and make other credit transactions using the credit accounts of the identity theft victims. ("Account Take-Over Method")

 d. If the identity theft victim did not already have an open credit account at a particular retail store, the conspirators would use a counterfeit identification to make application for a credit account in the name of the identity theft victim, and receive a temporary access device to purchase merchandise and make other credit transactions on the new accounts. ("New Account Method")

 e. Using either the account take-over method or new account method, the conspirators purchased expensive merchandise or gift cards at the retail stores, which were then reduced to cash by selling the items to others, with the conspirators splitting the proceeds in equal shares.

<u>OVERT ACTS</u>

4. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

6

a. Between on or about January 11 and January 19, 2007, defendant **KIMBERLY ANN MAVIS** used login and password information to access a customer database at Premier Bank in Overland Park, Kansas, without authorization and in excess of any prior authorization, and thereby obtained the identity information of Sharon Flynn of Burke, Virginia.

b. Between on or about January 19, and January 23, 2007, defendant **KIMBERLY ANN MAVIS** posed as Sharon Flynn while making unauthorized purchases on the credit account of Sharon Flynn at Lowe's stores in the Kansas City metro area, which totaled $4,035.26.

c. On or about January 19, 2007, defendant **KIMBERLY ANN MAVIS** posed as Sharon Flynn while making unauthorized purchases on the credit account of Sharon Flynn at Best Buy stores in the Kansas City metro area, which totaled $2,237.53.

d. On or about January 21, 2007, defendant **KIMBERLY ANN MAVIS** posed as Sharon Flynn while making unauthorized purchases on the credit account of Sharon Flynn at a Kohl's store in Lenexa, Kansas, which totaled $355.78.

e. Between an unknown date in December, 2006, and January 19, 2007, defendant **KIMBERLY ANN MAVIS** used login and password information to access a customer database at Premier Bank in Overland Park, Kansas, without authorization and in excess of any prior authorization, and thereby obtained the identity information of David Kole of Southern Shores, North Carolina.

f. Between on or about January 19, and January 22, 2007, defendant **JERRY BAGBY** posed as David Kole while making unauthorized purchases on the credit account of David Kole at Lowe's stores in the Kansas City metro area, which totaled $2,459.79.

g. Between an unknown date in December 2006 and August 3, 2007, defendant **KIMBERLY ANN MAVIS** used login and password information to access a customer database at Premier Bank in Overland Park, Kansas, without authorization and in excess of any prior authorization, and thereby obtained the identity information of Craig Jones of Oxnard, California.

h. On or about August 3, 2007, defendant **JERRY BAGBY** posed as

Craig Jones while making unauthorized purchases on the credit account of Craig Jones at a Sears store in Overland Park, Kansas, which totaled $3,000.00.

i.  Between an unknown date in December 2006 and June 21, 2007, defendant **KIMBERLY ANN MAVIS** used login and password information to access a customer database at Premier Bank in Overland Park, Kansas, without authorization and in excess of any prior authorization, and thereby obtained the identity information of Richard Hybner of Phoenix, Arizona.

j.  On or about June 21, 2007, defendant **JERRY BAGBY** posed as Richard Hybner while making unauthorized purchases on the credit account of Richard Hybner at a Best Buy store in Overland Park, Kansas, which totaled $4,010.67.

k.  On or about August 5, 2007, defendant **JERRY BAGBY** posed as Richard Hybner while making unauthorized purchases on the credit account of Richard Hybner at a Sears store in Kansas City, Missouri, which totaled $2,700.09.

l.  Between an unknown date in December 2006, and October 1, 2007, defendant **KIMBERLY ANN MAVIS** used login and password information to access a customer database at Premier Bank in Overland Park, Kansas, without authorization and in excess of any prior authorization, and thereby obtained the identity information of Gary Francione of Mercerville, New Jersey.

m.  On or about October 1, 2007, defendant **JERRY BAGBY** posed as Gary Francione while making unauthorized purchases on the credit account of Gary Francione at a Sears store in Overland Park, Kansas, which totaled $2,302.81.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

Between on or about an unknown date in December 2006 and October 1, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS**, did knowingly, with intent to defraud, and without authority and in excess of any previous authority, access a protected computer used in interstate commerce, namely the EZnetMortgage computer system at Premier Bank in Overland Park, Kansas, in an attempt to further an intended fraud and to attempt to obtain something of value, which consisted of identity and credit card information of mortgage loan applicants Sharon Flynn, David Kole, Craig Jones, Richard Hybner, and Gary Francione for the purpose of engaging in unauthorized credit transactions on the accounts of said individuals; all in violation of Title 18, United States Code, Section 1030(a)(4).

## COUNT THREE

Between on or about January 19, 2007, and on or about January 23, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS**, did knowingly and without lawful authority transfer, use, and possess one or more means of identification of another person, namely Sharon Flynn, during and in relation to a felony offense, that being access device fraud as defined by Chapter 47, Title 18, United States Code, Section 1029(a)(5), and such action was in or affected interstate commerce; all in violation of Title 18, United States Code, Sections 1028A(1) and 2.

## COUNT FOUR

Between on or about January 19, 2007, and on or about January 23, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS,** did knowingly and with intent to defraud, effect financial transactions using access devices consisting of temporary Lowe's credit card, issued in the name of Sharon Flynn, by which **KIMBERLY ANN MAVIS** received things of an aggregate value equal to or exceeding $1,000 during a one year period, and which transactions affected interstate commerce; all in violation of Title 18, United States Code, Sections 1029(a)(5).

## COUNT FIVE

Between on or about January 19, 2007, and on or about January 22, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and without lawful authority transfer, use, and possess one or more means of identification of another person, namely David Kole, during and in relation to a felony offense, that being access device fraud as defined by Chapter 47, Title 18, United States Code, Section 1029(a)(5), and such action was in or affected interstate commerce; all in violation of Title 18, United States Code, Sections 1028A(1) and 2.

## COUNT SIX

Between on or about January 19, 2007, and on or about January 22, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and with intent to defraud, effect financial transactions using access devices consisting of temporary Lowe's credit card, issued in the name of David Kole, by

10

which **KIMBERLY ANN MAVIS** and **JERRY BAGBY** received things of an aggregate value equal to or exceeding $1,000 during a one year period, and which transactions affected interstate commerce; all in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

COUNT SEVEN

On or about August 3, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and without lawful authority transfer, use, and possess one or more means of identification of another person, namely Craig Jones, during and in relation to a felony offense, that being access device fraud as defined by Chapter 47, Title 18, United States Code, Section 1029(a)(5), and such action was in or affected interstate commerce; all in violation of Title 18, United States Code, Sections 1028A(1) and 2.

COUNT EIGHT

On or about August 3, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and with intent to defraud, effect financial transactions using access devices consisting of temporary Lowe's credit card, issued in the name of Craig Jones, by which **KIMBERLY ANN MAVIS** and **JERRY BAGBY** received things of an aggregate value equal to or exceeding $1,000 during a one year period, and which transactions affected interstate commerce; all in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

## COUNT NINE

On or about June 21, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and without lawful authority transfer, use, and possess one or more means of identification of another person, namely Richard Hybner, during and in relation to a felony offense, that being access device fraud as defined by Chapter 47, Title 18, United States Code, Section 1029(a)(5), and such action was in or affected interstate commerce; all in violation of Title 18, United States Code, Sections 1028A(1) and 2.

## COUNT TEN

On or about June 21, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and with intent to defraud, effect financial transactions using access devices consisting of temporary Sears credit card, issued in the name of Richard Hybner, by which **KIMBERLY ANN MAVIS** and **JERRY BAGBY** received things of an aggregate value equal to or exceeding $1,000 during a one year period, and which transactions affected interstate commerce; all in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

## COUNT ELEVEN

On or about October 1, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and without lawful authority transfer, use, and possess one or more means of identification of another person, namely Gary Francione, during and in relation to a felony offense, that being access device

12

Case 4:08-cr-00007-FJG   Document 1   Filed 01/16/08   Page 12 of 13

fraud as defined by Chapter 47, Title 18, United States Code, Section 1029(a)(5), and such action was in or affected interstate commerce; all in violation of Title 18, United States Code, Sections 1028A(1) and 2.

## COUNT TWELVE

On or about October 1, 2007, in the Western District of Missouri and elsewhere, **KIMBERLY ANN MAVIS** and **JERRY BAGBY**, did knowingly and with intent to defraud, effect financial transactions using access devices consisting of temporary Sears credit card, issued in the name of Gary Francione, by which **KIMBERLY ANN MAVIS** and **JERRY BAGBY** received things of an aggregate value equal to or exceeding $1,000 during a one year period, and which transactions affected interstate commerce; all in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

A TRUE BILL.


/s/Foreperson
FOREPERSON OF THE GRAND JURY


/s/John E. Cowles
John E. Cowles #11797
Assistant United States Attorney


1/15/08
Date

13

Case 4:08-cr-00007-FJG   Document 1   Filed 01/16/08   Page 13 of 13